**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4794

DARRELL HARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CR-92-61)

Submitted: July 29, 1997

Decided: November 5, 1997

Before WILKINS and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert H. Hale, Jr., Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Anne M. Hayes, Assistant United States Attorney, John S.
Bowler, Assistant United States Attorney, Raleigh, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darrell Harris appeals the district court's order revoking his term of supervised release and imposing a new period of imprisonment. Harris was serving a three year term of supervised release subsequent to completing a forty-one month sentence for armed bank robbery. See 18 U.S.C. § 2113(d) (1994). After Harris admitted three violations of the conditions of his supervised release, the district court sentenced Harris to three years in prison. In this appeal, Harris contends that the district court erred by considering the sufficiency of the original sentence imposed for his conviction, rather than the factors authorized by 18 U.S.C. § 3583 (1994), in revoking his supervised release and imposing the three-year sentence. Finding no abuse of discretion on the part of the district court, we affirm.

This court reviews the district court's order imposing a term of imprisonment for an abuse of discretion. See United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). An abuse of the district court's discretion occurs when the court fails or refuses to exercise its discretion or when the court's exercise of discretion is flawed by an erroneous legal or factual premise. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). Harris contends that the district court's exercise of its discretion was flawed by an erroneous legal premise in that the sufficiency of the original sentence is not among the factors of 18 U.S.C. § 3553 (1994) enumerated in 18 U.S.C. § 3583 as appropriate for consideration in the revocation of a term of supervised release.

Although the district court considered the sufficiency of the original sentence at some length, the court also properly considered the need "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). The district court specifically noted its concern regarding Harris's status as a recidivist. As a result, we do not find that the dis-

2

trict court's discretion was flawed by an erroneous legal premise. Consequently, there was no abuse of discretion.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3